**No. 26-545**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

C.Y., a minor, and BRIDGET YOUNG, Guardian ad Litem,

Plaintiffs-Appellees,

v.

SUTTER MEDICAL GROUP, et al.,

Defendants

---

SUTTER VALLEY HOSPITALS d/b/a SUTTER DAVIS HOSPITAL,

Cross-Claimant-Appellant,

v.

UNITED STATES OF AMERICA,

Cross-Defendant-Appellee

---

On Appeal from the United States District Court
for the Eastern District of California

---

**BRIEF FOR APPELLEE UNITED STATES OF AMERICA**

---

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC GRANT
*United States Attorney*

MICHAEL S. RAAB
DANIEL WINIK
*Attorneys, Appellate Staff*
*Civil Division, Room 7245*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8849*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

STATEMENT OF ISSUES ........ 1

PERTINENT STATUTORY PROVISIONS ........ 1

STATEMENT OF THE CASE ........ 2

A. Statutory Background ........ 2

B. This Litigation ........ 3

SUMMARY OF ARGUMENT ........ 8

STANDARD OF REVIEW ........ 10

ARGUMENT ........ 10

I. This Court Lacks Appellate Jurisdiction ........ 10

II. If It Has Jurisdiction, The Court Should Affirm ........ 16

A. The Derivative-Jurisdiction Doctrine Does Not Apply To Removals Under Section 233 ........ 16

B. The District Court Lacked Jurisdiction Because This Case Could Not Have Been Brought In Federal Court In The First Instance ........ 21

CONCLUSION ........ 32

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

ADDENDUM

## TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*A.Q.C. ex rel. Castillo v. Bronx-Lebanon Hosp. Ctr.*,
2012 WL 170902 (S.D.N.Y. Jan. 20, 2012) ........ 20, 29

*Acosta v. Kijakazi*,
2023 WL 3033499 (9th Cir. Apr. 21, 2023) ........ 17

*American States Ins. Co. v. Dastar Corp.*,
318 F.3d 881 (9th Cir. 2003) ........ 13

*Barnaby v. Quintos*,
410 F. Supp. 2d 142 (S.D.N.Y. 2005) ........ 20, 29

*C.Y. ex rel. Young v. Sutter Med. Grp.*,
2026 WL 74033 (E.D. Cal. Jan. 9, 2026) ........ 6-7, 7, 12

*City of Waco v. U.S. Fid. & Guar. Co.*,
293 U.S. 140 (1934) ........ 14, 15

*Clinton v. City of New York*,
524 U.S. 417 (1998) ........ 30

*Cox v. U.S. Dep't of Agric.*,
800 F.3d 1031 (9th Cir. 2015) ........ 17

*D.L. ex rel. Junio v. Vassilev*,
858 F.3d 1242 (9th Cir. 2017) ........ 28

*Da Silva v. Temple Univ. Hosp., Inc.*,
506 F. Supp. 3d 318 (E.D. Pa. 2020) ........ 18

*Dellinger v. Richards*,
2019 WL 4273878 (M.D. Pa. Sept. 10, 2019) ........ 20, 29

*DeMartini v. DeMartini*,
964 F.3d 813 (9th Cir. 2020) ........ 14, 15

*E.R. ex rel. Young v. Sutter Davis Hosp.*,
2014 WL 7239675 (E.D. Cal. Dec. 16, 2014) ........ 19

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) .......... 24

*Feidt v. Owens Corning Fiberglas Corp.*,
153 F.3d 124 (3d Cir. 1998) .......... 11

*Gallea v. United States*,
779 F.2d 1403 (9th Cir. 1986) .......... 14

*Garland v. Cargill*,
602 U.S. 406 (2024) .......... 19

*Grimm v. City of Portland*,
125 F.4th 920 (9th Cir. 2025) .......... 31

*Herklotz v. Parkinson*,
848 F.3d 894 (9th Cir. 2017) .......... 30

*Herman Fam. Revocable Tr. v. Teddy Bear*,
254 F.3d 802 (9th Cir. 2001) .......... 24

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*,
535 U.S. 826 (2002) .......... 23

*Jiron v. Christus St. Vincent Reg'l Med. Ctr.*,
960 F. Supp. 2d 1147 (D.N.M. 2012) .......... 29

*Johns-Manville Sales Corp. v. United States*,
690 F.2d 721 (9th Cir. 1982) .......... 26

*Kelly v. Wengler*,
822 F.3d 1085 (9th Cir. 2016) .......... 30

*Krangel v. General Dynamics Corp.*,
968 F.2d 914 (9th Cir. 1992) .......... 11

*Lambert Run Coal Co. v. Baltimore & O.R. Co.*,
258 U.S. 377 (1922) .......... 6, 16

*Lewis v. Clarke*,
581 U.S. 155 (2017) .......... 18, 20

*Mesa v. California*,
489 U.S. 121 (1989) ........................................................................ 27

*MMC PPA v. Bridgeport Hosp.*,
2015 WL 5174012 (D. Conn. Sept. 2, 2015) .................................................. 19

*Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*,
146 F.3d 676 (9th Cir. 1998) ........................................................... 14, 27

*Nye v. Hilo Med. Ctr.*,
2010 WL 931926 (D. Haw. Mar. 11, 2010) ............................................... 19, 23

*Powerex Corp. v. Reliant Energy Servs., Inc.*,
551 U.S. 224 (2007) ...................................................................... 11, 15

*Renteria-Hinojosa v. Sunsweet Growers, Inc.*,
150 F.4th 1076 (9th Cir. 2025) ........................................................... 10

*Rodriguez v. United States*,
788 F. App'x 535 (9th Cir. 2019) ......................................................... 17

*Royal Canin U.S.A., Inc. v. Wullschleger*,
604 U.S. 22 (2025) ....................................................................... 24

*Sea-Land Serv., Inc. v. United States*,
874 F.2d 169 (3d Cir. 1989) .............................................................. 25

*Southwest Marine, Inc. v. Gizoni*,
502 U.S. 81 (1991) ....................................................................... 28

*State Eng'r v. South Fork Band of Te-Moak Tribe of W. Shoshone Indians*,
339 F.3d 804 (9th Cir. 2003) .............................................................. 27

*Thompson v. Wheeler*,
898 F.2d 406 (3d Cir. 1990) .............................................................. 19

*TMI Litig. Cases Consol. II, In re*,
940 F.2d 832 (3d Cir. 1991) .............................................................. 13

*Welsh v. Loudbear*,
178 F.4th 484 (9th Cir. 2026) ............................................................ 10

*Whitman v. Raley's Inc.*,
886 F.2d 1177 (9th Cir. 1989) .................................................................. 12, 13

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
516 U.S. 199 (1996) ........................................................................... 30

*Zanghi v. Sisters of Charity Hosp.*,
2013 WL 706241 (W.D.N.Y. Feb. 26, 2013) ........................................... 18-19

*ZB Holdings, Inc. v. White*,
144 F.R.D. 42 (S.D.N.Y. 1992) ................................................................ 25

**Statutes:**

Westfall Act,
28 U.S.C. § 2679(d) ............................................................................. 19

28 U.S.C. § 1292(b) ............................................................................ 7, 11

28 U.S.C. § 1331 .................................................................................... 23

28 U.S.C. § 1332 .................................................................................... 23

28 U.S.C. § 1346(b) ........................................................................ 16, 23, 28

28 U.S.C. § 1346(b)(1)(A) ........................................................................ 3

28 U.S.C. § 1367 .................................................................................... 24

28 U.S.C. § 1367(a) ............................................................................... 24

28 U.S.C. § 1441 .................................................................................... 17

28 U.S.C. § 1441(f) ................................................................................ 17

28 U.S.C. § 1442 ................................................................................ 11, 17

28 U.S.C. § 1442(a) ............................................................................... 27

28 U.S.C. § 1443 .................................................................................... 11

28 U.S.C. § 1447(c) ............................................................................... 11

28 U.S.C. § 1447(d) .................................................................. 1, 8, 10, 11

28 U.S.C. § 2401(b) .................................................................................. 4

28 U.S.C. § 2675 ..................................................................................... 29

28 U.S.C. § 2675(a) ............................................................................. 4, 26

42 U.S.C. § 233 ..................................................................................... 2, 9

42 U.S.C. § 233(a) .............................................................................. 2, 3, 4

42 U.S.C. § 233(b) .................................................................................... 3

42 U.S.C. § 233(c) ..................................................................... 3, 6, 11, 18, 21

42 U.S.C. § 233(g)(1)(A) .......................................................................... 2

42 U.S.C. § 233(*l*)(1) ................................................................................ 3

Cal. Civ. Proc. Code § 428.70 ................................................................... 5

Cal. Civ. Proc. Code § 875(c) ................................................................... 25

**Regulations:**

28 C.F.R. § 14.2(a) ................................................................................ 26

28 C.F.R. § 15.2(b) .................................................................................... 3

## STATEMENT OF ISSUES

In this case, where a private plaintiff was suing private defendants for medical malpractice in state court, one of the private defendants brought a cross-claim for contribution against a health center and midwife who were deemed to be federal employees. The government removed the case to federal court, where the United States was substituted for the health center and midwife as the defendant to the cross-claim. The government then moved to dismiss the cross-claim, and remand the remainder of the case to state court, under the derivative-jurisdiction doctrine. The district court granted the motion to dismiss, and this Court granted permission to appeal.

The questions presented are:

1. Whether this Court lacks appellate jurisdiction because remand orders are not reviewable, 28 U.S.C. § 1447(d), and the district court's order is in substance a remand order that has been stayed.

2. Whether the district court lacked jurisdiction over a case presenting state-law claims by a private plaintiff against private defendants, where the only federal involvement came from the cross-claim.

## PERTINENT STATUTORY PROVISIONS

Pertinent statutory provisions are reproduced in the addendum.

## STATEMENT OF THE CASE

### A. Statutory Background

This case arises from the statutory framework for medical-malpractice claims against federally supported health centers and their employees.

Under 42 U.S.C. § 233, employees of the U.S. Public Health Service (PHS), acting within their scope of employment, are immunized from claims for personal injury or death "resulting from [their] performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233(a). Section 233(a) provides that the exclusive remedy for such claims is a tort action against the United States under the Federal Tort Claims Act (FTCA). *See id.*

In the Federally Supported Health Centers Assistance Act, known as the Health Centers Act, Congress extended that protection to certain federally supported health centers, and their employees, for certain services and patients. *See* 42 U.S.C. § 233(a), (g)(1)(A). In doing so, Congress effectively provided a form of malpractice insurance for federally supported health centers. When Section 233(a)'s liability protection applies, malpractice suits must proceed not against the health center or its employees but against the United States, subject to the conditions of the FTCA.

Federal courts have exclusive jurisdiction over FTCA suits. 28 U.S.C. § 1346(b)(1). If a suit is filed against a federally supported health center or its employees in state court, the defendants must notify the government if they believe the United States should assume the defense of the claims under the Health Centers Act. 42 U.S.C. § 233(b); 28 C.F.R. § 15.2(b). If the government determines that the claims fall within Section 233(a)'s liability coverage, and that one or more of the defendants was deemed to have been a PHS employee and was acting within the scope of that employment with respect to the acts or omissions giving rise to the claims, then the government certifies as much and removes the case to federal court. *See* 42 U.S.C. § 233(c), (*l*)(1). The United States is then substituted for the deemed PHS employees as a defendant with respect to the covered claims, and those claims proceed as if they had been brought against the United States under the FTCA. *See id.* § 233(a), (c).

**B. This Litigation**

This is a medical-malpractice action originally brought in state court against Sutter Medical Group, various related entities, and various medical professionals. *See* ER-151–156. The action is brought on behalf of a child,

C.Y., alleging that he suffered injuries because of medical negligence during his mother's prenatal care and labor and delivery. ER-154–155.

In February 2025, the government determined that one of the defendants—midwife Catherine Ann McGovern—was deemed a PHS employee, and was acting within the scope of her employment, with respect to the actions or omissions alleged in this case. *See* ER-165–166 (dated Feb. 21, 2025).

Four days after the government made that determination, plaintiff dismissed McGovern as a defendant. *See* ER-167 (dated Feb. 25, 2025). Plaintiff did so because the government's determination that McGovern was a deemed PHS employee meant that any claim resulting from McGovern's conduct would have been required to proceed as an FTCA claim against the United States, *see* 42 U.S.C. § 233(a), but plaintiffs cannot pursue FTCA claims in federal court without first having "presented the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a), which they must do "within two years after such claim accrues," *id.* § 2401(b). *See* ER-56. Plaintiff here had not presented an administrative claim, and the two-year timeline for doing so had expired. *See* ER-153–154 (allegations related to conduct between December 2018 and September 2019).

After McGovern's dismissal, the suit was solely between private plaintiffs and private defendants; it involved no deemed (or actual) federal employees. Shortly after the dismissal, however, Sutter Valley Hospitals (doing business as Sutter Davis Hospital)—one of the Sutter entities named as defendants to plaintiff's original complaint—filed a cross-complaint against McGovern and the federally supported health center, CommuniCare Health Centers, that she worked for.[1] ER-194–198. (For the sake of simplicity, given the close relationship among the various Sutter entities, we refer to them in the remainder of the brief simply as "Sutter.") Sutter's cross-complaint asserted that McGovern and CommuniCare were "responsible under the principles of indemnity and/or contribution" for any tort liability in the underlying action, and that they should be required to "reimburse[]" Sutter if it were "found to have any liability to the plaintiff" in the underlying action. ER-195–198.

[1] Had Sutter's contribution claim been brought in federal court under the Federal Rules of Civil Procedure, it would have been a third-party claim under Rule 14 as opposed to a cross-claim under Rule 13(g), since the latter limits cross-claims to "copart[ies]" and McGovern had been dismissed from the suit. In California, a cross-complaint is the means of impleading a third-party defendant from whom the original defendant seeks contribution. Cal. Civ. Proc. Code § 428.70. The difference is immaterial for present purposes.

At that point, the government removed the case to federal court under 42 U.S.C. § 233(c), explaining that McGovern and CommuniCare were deemed PHS employees acting within the scope of their employment with respect to the conduct at issue in the cross-complaint, and that the cross-complaint was therefore required to proceed as an FTCA claim against the United States. ER-190–192; *see* ER-204–205 (certification as to CommuniCare); ER-202–203 (prior certification as to McGovern). The government also filed an answer to the cross-complaint, noting that the United States was "automatically substituted for the named cross-defendants." ER-181 n.1.

The government then moved to dismiss the cross-complaint for lack of jurisdiction, and remand the remainder of the case to state court, under the derivative-jurisdiction doctrine. ER-135–147. Under that doctrine, "[i]f the state court lacks jurisdiction of the subject-matter or of the parties," then a "federal court acquires none" upon removal, "although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).

The district court granted the government's motion to dismiss the cross-complaint. *C.Y. ex rel. Young v. Sutter Med. Grp.*, 2026 WL 74033 (E.D.

Cal. Jan. 9, 2026). The court determined that "[t]he state court … never had jurisdiction over Sutter's cross-complaint" because, at the time it was filed, "Sutter was aware … that McGovern was" deemed to be "a federal employee for purposes of [this] case," such that "the exclusive remedy as to her was a complaint filed against the United States in federal court." *Id.* at *3. The court explained that, "[i]f Sutter is ultimately found liable on any of plaintiff's claims against it, it will then be free to pursue a claim against the United States under the FTCA for indemnity and contribution after it has exhausted its administrative remedies." *Id.* at *4. But because the court found "substantial ground for difference of opinion" as to its ruling, and determined that "immediate appeal could avoid the need for two separate trials"—first between plaintiff and Sutter, then (if Sutter is held liable to plaintiff) between Sutter and the United States—the court certified its ruling for interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* at *4-5.

Sutter petitioned this Court for permission to appeal. In opposing the petition, the government argued that this Court lacks appellate jurisdiction because the district court's ruling is in substance a remand order. ER-24–28. The government also argued that the certified question is not controlling because the district court would have lacked jurisdiction to hear the case as

Sutter wished—with plaintiff's medical-malpractice claim against Sutter, and Sutter's cross-claim for contribution against the United States, proceeding in the same action—even if the action had been brought in federal court in that posture, as opposed to having been removed to federal court from state court. ER-29–34. This Court granted the petition for permission to appeal without ruling on the government's jurisdictional arguments and without prejudice to the renewal of the arguments in this brief. ER-5–6.

## SUMMARY OF ARGUMENT

I. The Court should dismiss this appeal for lack of appellate jurisdiction. Under 28 U.S.C. § 1447(d), remand orders are not appealable, outside an exception that does not apply here. Sutter attempts to evade this jurisdictional bar on the theory that the district court's dismissal order did not expressly remand the case to state court. But remand is the necessary consequence of the district court's ruling; in effect, the court has simply stayed the remand pending this appeal. A remand order is unappealable whether or not it has been stayed.

II. If the Court determines that it has jurisdiction, it should affirm the district court's dismissal of the cross-complaint.

A. After further consideration, the government agrees with Sutter that the derivative-jurisdiction doctrine does not apply to removals under 42 U.S.C. § 233. Section 233 provides that when a medical-malpractice suit is filed in state court against defendants who are deemed PHS employees, and who were acting within the scope of their employment when they engaged in the allegedly tortious conduct, the suit should be removed to federal court and litigated there as an FTCA suit against the United States. The state court does not lack jurisdiction over the case before the removal, because sovereign immunity does not bar suits against federal employees in their individual capacities and the United States does not become a defendant until the case is removed.

B. The district court's ruling should nonetheless be affirmed on an alternative ground: Section 233(c) cannot properly be read to establish federal subject-matter jurisdiction over a case that could not properly have been brought in federal court in the first instance. It simply allows federal courts to hear, upon removal, cases that could have been brought in federal court in the first place had they been brought against the United States rather than a PHS employee. And this case—with plaintiff's original malpractice claim against Sutter and Sutter's derivative cross-claim against the United States—

could not have been brought in federal court in the first instance. There is no federal subject-matter jurisdiction over plaintiff's malpractice claim against Sutter, and thus no procedural mechanism by which Sutter could have brought its cross-claim in federal court. Nor, even if there were a procedural mechanism for Sutter to have brought its cross-claim in federal court, would there have been a jurisdictional basis to hear the original malpractice claim alongside the cross-claim. The district court was correct to conclude that Sutter can pursue its cross-claim against the United States, in federal court, only if it is first subjected to liability on plaintiff's malpractice claim in state court.

## STANDARD OF REVIEW

This Court determines its appellate jurisdiction de novo. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1085 (9th Cir. 2025). The Court reviews de novo a district court's determination that it lacks jurisdiction. *Welsh v. Loudbear*, 178 F.4th 484, 488 (9th Cir. 2026).

## ARGUMENT

### I. This Court Lacks Appellate Jurisdiction

1. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or

otherwise." This barrier extends not just to appeals by right but also to appeals by permission under 28 U.S.C. § 1292(b). *See Krangel v. General Dynamics Corp.*, 968 F.2d 914, 915 (9th Cir. 1992) (per curiam); *see also, e.g.*, *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 129 (3d Cir. 1998) (citing other decisions so holding). Although the jurisdictional bar is limited to "remands based on the grounds specified in" 28 U.S.C. § 1447(c), those grounds include a "lack of subject-matter jurisdiction," *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007), which was the basis of the district court's order here. And although the jurisdictional bar does not apply to cases removed under 28 U.S.C. §§ 1442 or 1443, *see* 28 U.S.C. § 1447(d), the government removed this case solely under 42 U.S.C. § 233(c) (ER-191). This Court accordingly lacks jurisdiction to review any "order remanding" this case to state court, 28 U.S.C. § 1447(d).

Sutter argues that the district court's order is not one "remanding" this case to state court, 28 U.S.C. § 1447(d), because it stops short of saying expressly that the case is remanded. But remand is the inescapable consequence of the district court's dismissal of the cross-complaint, because there is no basis for federal jurisdiction over the remainder of the case (plaintiff's medical-malpractice claim against Sutter). The district court's order

recognizes as much. It explains, for example, that Sutter could not "bootstrap[] the action into federal court through an improperly filed cross-complaint in state court"—the obvious implication being that, given the dismissal of the cross-complaint, the medical-malpractice action against Sutter would have to proceed in state court. 2026 WL 74033, at *3. And the order recognizes that, because the cross-complaint has been dismissed, "Sutter must now sever its claims and potentially pursue separate actions"; in other words, it must face plaintiff's medical-malpractice claims in state court and can later "pursue a claim against the United States under the FTCA for indemnity and contribution" only if it "is ultimately found liable on any of plaintiff's claims" in state court. *Id.* at *4. The district court's reasoning leaves no doubt that, if this Court affirms the dismissal of the cross-complaint, the district court will immediately remand the remainder of the action to state court.

In substance, then, the district court simply *stayed* the remand component of its order pending this appeal, in which the district court hoped that this Court would address the propriety of the dismissal. But § 1447(d) bars appellate review of remand orders whether or not the remand is stayed. In *Whitman v. Raley's Inc.*, 886 F.2d 1177 (9th Cir. 1989), for example, this Court

dismissed an appeal from a remand order that had been stayed, holding that it lacked appellate jurisdiction under § 1447(d). *See id.* at 1179, 1181-1182. Sutter cites *In re TMI Litigation Cases Consolidated II*, 940 F.2d 832 (3d Cir. 1991), in which the Third Circuit held that it had appellate jurisdiction to review a remand order that had been stayed. But the reason the Third Circuit held that it had jurisdiction was not, as Sutter appears to suggest (Br. 34), that the remand order had been stayed. Rather, the Third Circuit's reasoning—plainly inapplicable here—was that the jurisdictional bar should not be construed "so broadly as to" preclude appellate review of "a district court's determination that a statute authorizing removal is itself unconstitutional." 940 F.2d at 845.

The fact that the district court did not expressly state the obvious consequence of its dismissal ruling—that the remainder of the case would be remanded to state court—cannot suffice to establish appellate jurisdiction. This Court has repeatedly cautioned against efforts to "manipulate [its] appellate jurisdiction." *American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 885 (9th Cir. 2003). The district court here surely did not have an improper motive for declining to make express the remand implied by its dismissal ruling; the court presumably recognized that doing so would preclude the

appellate review that it thought would be desirable. But the district court's good motives cannot justify circumventing § 1447(d)'s jurisdictional barrier.

2. Sutter makes no argument that the dismissal of the cross-complaint against the United States can be reviewed even if the necessarily implied remand cannot be reviewed. One could read some of this Court's cases to support such an argument. In *Gallea v. United States*, 779 F.2d 1403 (9th Cir. 1986), the Court held that the dismissal of the United States from a tort case could be reviewed, even though the accompanying remand of the remainder to the case to state court could not be reviewed, because the dismissal "necessarily preceded the remand order." *Id.* at 1404. The Court later cited *Gallea* for this proposition in *Nebraska ex rel. Department of Social Services v. Bentson*, 146 F.3d 676, 678 (9th Cir. 1998).

More recently, however, the Court has clarified that a determination "antecedent" to a remand order is "separable" from the remand order, and thus "reviewable" notwithstanding the bar against review of the remand order, only if it "could be reversed without disturbing the remand." *DeMartini v. DeMartini*, 964 F.3d 813, 823 (9th Cir. 2020). That follows from the Supreme Court's decision in *City of Waco v. U.S. Fidelity & Guaranty Co.*, 293 U.S. 140 (1934), which the Court in *DeMartini* analyzed closely. The district

court in *Waco* had issued both an "order dismissing a cross-complaint against one party" and "another order remanding because there was no diversity of citizenship in light of the dismissal." *Powerex*, 551 U.S. at 236 (discussing *Waco*). The Supreme Court "held that appellate jurisdiction existed to review the order of dismissal," even though "the remand order itself could not be set aside." *Id.* But the Court's reasoning was not that the dismissal order was reviewable simply because it was formally distinct from the remand order. Rather, the Court concluded that the dismissal order was reviewable because reversing it would not require reversing the remand: Even though the case would be remanded in any event, review of the dismissal order would have the effect of determining whether the cross-complaint remained part of the remanded case. *Waco*, 293 U.S. at 143-144.

Here, by contrast, it is plainly not possible to review the district court's dismissal of the cross-complaint "without disturbing" the logically implied remand of the remainder of the case, *DeMartini*, 964 F.3d at 823. If the dismissal of the cross-claim were affirmed, then the case would have to be remanded to state court, because there is no basis for federal jurisdiction over the remainder of the case. And if the dismissal of the cross-claim were reversed, then the case would have to proceed in federal court, because the

state court would lack jurisdiction over the cross-claim. *See* 28 U.S.C. § 1346(b) (providing for exclusive federal jurisdiction over FTCA claims). Review of the dismissal ruling is thus not separable from review of the remand that is logically implied by the dismissal ruling.

## II. If It Has Jurisdiction, The Court Should Affirm

If the Court nonetheless concludes that it has jurisdiction to review the district court's order, the Court should affirm, but not on the ground articulated by the district court.

### A. The Derivative-Jurisdiction Doctrine Does Not Apply To Removals Under Section 233

After further consideration, the government no longer adheres to its argument before the district court that the derivative-jurisdiction doctrine required dismissal of this case upon its removal to federal court.

1. The derivative-jurisdiction doctrine provides that "[t]he jurisdiction of the federal court on removal is … derivative" of the state court's, such that "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). The doctrine is a judicial creation and can

be abrogated by statute. Congress has expressly abrogated it for removals under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). But this Court and other courts regularly apply it to removals under 28 U.S.C. § 1442, which allows the removal of certain suits brought in state court against the United States or federal officers or agencies. *See, e.g.*, *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam); *Acosta v. Kijakazi*, 2023 WL 3033499, at *1 (9th Cir. Apr. 21, 2023) (unpublished); *Rodriguez v. United States*, 788 F. App'x 535, 536 (9th Cir. 2019) (unpublished).

In the § 1442 context, the doctrine serves an important function. If it did not exist, then the federal government would face an unacceptable choice when a suit was improperly brought against it in state court. It could remove the case to federal court, thus availing itself of its right to a federal forum, but in doing so would forfeit its right to threshold dismissal of a suit that it should never have had to face in the first place. Or it could invoke its right to dismissal, by litigating in the state court, but in doing so would forfeit its right to a federal forum for the assertion of its right to dismissal.

2. For two reasons, however, the derivative-jurisdiction doctrine does not properly apply to removals under Section 233.

*First*, the fact that a defendant to a tort suit brought in state court is an actual or deemed PHS employee, sued in his or her individual capacity, does not mean the state court lacks jurisdiction over the suit. State courts lack jurisdiction over suits against the United States, federal agencies, and federal employees sued in their official capacities, because sovereign immunity bars such suits. But sovereign immunity does not bar suits against federal employees sued in their individual capacities. *See Lewis v. Clarke*, 581 U.S. 155, 162-163 (2017) (explaining "[t]he distinction between individual- and official-capacity suits" for sovereign-immunity purposes). And a suit brought against a PHS employee in state court, and removed under Section 233, is not "deemed a tort action brought against the United States" until it is removed. 42 U.S.C. § 233(c). So the basic predicate for application of the derivative-jurisdiction doctrine—that the state court lacks jurisdiction—is not satisfied in cases of this nature. *See, e.g.*, *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 325 (E.D. Pa. 2020) (derivative-jurisdiction doctrine did not bar jurisdiction over case removed under Section 233 because the United States did not become a party until removal); *Zanghi v. Sisters of Charity*

*Hosp.*, 2013 WL 706241, at *3 (W.D.N.Y. Feb. 26, 2013) (similar); *MMC PPA v. Bridgeport Hosp.*, 2015 WL 5174012, at *4 (D. Conn. Sept. 2, 2015) (following *Zanghi*); *see also Thompson v. Wheeler*, 898 F.2d 406, 409 n.2 (3d Cir. 1990) (similar as to removal under the Westfall Act, 28 U.S.C. § 2679(d)).

*Second*, even if state courts could be thought to lack jurisdiction over tort suits brought against PHS employees, Section 233 would properly be understood to abrogate the doctrine (which, as discussed above, is within Congress's power). Otherwise, the doctrine "would render [Section 233(c)] nonsensical," because "all actions" removed under it would be "dismissed for lack of subject matter jurisdiction" upon removal. *Nye v. Hilo Med. Ctr.*, 2010 WL 931926, at *5 (D. Haw. Mar. 11, 2010); *see E.R. ex rel. Young v. Sutter Davis Hosp.*, 2014 WL 7239675, at *3 (E.D. Cal. Dec. 16, 2014) (same). Courts do not construe statutes to be ineffective. *See Garland v. Cargill*, 602 U.S. 406, 427 (2024). Section 233 contemplates that removed actions will "proceed in federal court," not be immediately dismissed upon their removal. *Nye*, 2010 WL 931926, at *4.

3. Before the district court, the government did not argue that the derivative-jurisdiction doctrine always requires the dismissal of cases brought against PHS employees in state court. Rather, the government

argued more narrowly that the state court lacked jurisdiction over the cross-claim in this case—and thus the federal court lacked jurisdiction upon removal, under the derivative-jurisdiction doctrine—because McGovern had, by the time of the cross-claim, already been certified as acting within her capacity as a deemed PHS employee for purposes of plaintiff's original malpractice claim.

That argument was a reasonable one, and some courts have accepted it, as the district court did here. *See Dellinger v. Richards*, 2019 WL 4273878, at *4 (M.D. Pa. Sept. 10, 2019); *A.Q.C. ex rel. Castillo v. Bronx-Lebanon Hosp. Ctr.*, 2012 WL 170902, at *5 (S.D.N.Y. Jan. 20, 2012); *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 147 (S.D.N.Y. 2005). But after further consideration, the government no longer adheres to it. The fact that McGovern had been certified as having acted within her capacity as a deemed PHS employee for purposes of plaintiff's malpractice claim did not mean the state court lacked jurisdiction over Sutter's cross-claim against McGovern. Sovereign immunity did not bar the cross-claim any more than it bars other claims against federal employees in their individual capacities. *See Lewis*, 581 U.S. at 162-163. Rather, the implication of McGovern's prior certification as a deemed PHS employee was simply that the cross-claim was immediately subject to removal

to federal court, *see* 42 U.S.C. § 233(c), where the United States would be substituted for McGovern. Moreover, as Sutter notes, the cross-claim was brought not just against McGovern but against CommuniCare, which had not yet been certified as having acted within its capacity as a deemed PHS employee because it was not named as a defendant in plaintiff's initial complaint. For all those reasons, the fact that McGovern and CommuniCare were deemed PHS employees did not cause the state court to lack jurisdiction over Sutter's cross-claim, and the derivative-jurisdiction doctrine did not provide a basis for the district court to dismiss the cross-claim.

### B. The District Court Lacked Jurisdiction Because This Case Could Not Have Been Brought In Federal Court In The First Instance

The district court's dismissal order should nonetheless be affirmed for a different reason: This case, where the only federal involvement is in the cross-complaint against the United States, could not have been brought in federal court in the first instance. And there is no basis to conclude that Section 233(c)'s removal provision authorizes federal courts to hear cases that could not have been brought in federal court in the first instance.

1. Section 233(c) provides a mechanism to transform state-law malpractice claims against deemed PHS employees, brought in state court, into

FTCA claims against the United States, litigated in federal court, when the liability protection of Section 233(a) applies. Absent Section 233(c), Section 233(a)—which provides that an FTCA claim against the United States "shall be exclusive of any other civil action or proceeding" for covered malpractice against deemed PHS employees—would require the dismissal of such actions when brought in state court. The plaintiff in such an action would then be required to bring a new action against the United States, under the FTCA, in federal court. Instead of requiring the filing of a separate FTCA suit, Congress allowed state-court actions against deemed PHS employees to be transformed into FTCA actions against the United States through the mechanism of intervention by the government and removal under Section 233(c).

In virtually all such instances, the action being removed under Section 233(c) is a malpractice claim against a deemed PHS employee—in other words, an action that could have been brought against the United States in federal court, under the FTCA, in the first place. Plaintiffs routinely *do* bring such actions directly against the United States, under the FTCA, when they believe the malpractice claim is covered by Section 233(a).

2. But this case—in which plaintiff sues Sutter for malpractice, and Sutter sues the United States for contribution—could not have been brought

in federal court in the first instance, because there is no basis for federal subject-matter jurisdiction over plaintiff's malpractice claim against Sutter.

Consider the various potential fonts of jurisdiction for the malpractice claim. First, although the FTCA itself provides a source of subject-matter jurisdiction over FTCA claims, *see* 28 U.S.C. § 1346(b), it would not establish jurisdiction over plaintiff's malpractice claim against Sutter. Second, the district court would not have federal-question jurisdiction over the malpractice claim against Sutter, under 28 U.S.C. § 1331, because that claim arises under state law, not federal law. Sutter's cross-claim of course presents a federal question, but under the well-pleaded complaint rule, federal-question jurisdiction cannot rest on claims by the defendant. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-832 (2002). And third, the malpractice claim would not fall within the district court's diversity jurisdiction, under 28 U.S.C. § 1332, because the parties to the malpractice claim all reside in California. *See* ER-152–153.

Because there would have been no basis for plaintiff to bring its malpractice claim against Sutter in federal court, there would have been no procedural mechanism for Sutter to bring a cross-claim against the United States in federal court. *See, e.g.*, *Nye*, 2010 WL 931926, at *6 (cross-complaint against

United States became procedurally improper once it was "no longer based on any claim asserted by" the plaintiff against the cross-plaintiff). And even if (as a procedural matter) Sutter could somehow have brought a cross-claim in a case never properly in federal court in the first instance, the federal court would still have lacked jurisdiction to hear plaintiff's malpractice claim against Sutter alongside Sutter's cross-claim for contribution, which is what Sutter wants.

Plaintiff's state-law malpractice claim could only be heard alongside the cross-claim if it fell within the federal courts' supplemental jurisdiction under 28 U.S.C. § 1367. But supplemental jurisdiction can exist only "in [a] civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a); *see, e.g.*, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025); *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). A district court cannot have "original jurisdiction" over a cross-claim because the cross-claim depends on the prior existence of the original claim. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) (a court "has original jurisdiction over a 'civil action' within the meaning of § 1367(a)" if it "has original jurisdiction over a single claim in the *complaint*" (emphasis added)). And even if a cross-claim could ever constitute the "civil

action of which" a district court has "original jurisdiction," supporting supplemental jurisdiction over the plaintiff's original claim under § 1367(a), the district court could not possibly be understood to have "original jurisdiction" over this cross-claim for two reasons.

First, because this is a cross-claim for *contribution*, it cannot stand alone as a viable claim unless and until Sutter has actually incurred the liability for which it seeks contribution. *See, e.g.*, *Sea-Land Serv., Inc. v. United States*, 874 F.2d 169, 171 (3d Cir. 1989) (discussing "the general rule that a cause of action for contribution does not arise until the party seeking contribution has paid, or had a judgment rendered against him or her for, more than his or her fair share of a common liability"); Cal. Civ. Proc. Code § 875(c) (statutory "right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof"); *see also ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 47 (S.D.N.Y. 1992) ("'original jurisdiction'" under § 1367(a) means "jurisdiction in the first instance over a viable lawsuit"). If Sutter were to prevail against plaintiff's malpractice claim, it would have no claim for contribution. So a cross-claim for contribution can proceed only as a tagalong claim, contingent on the resolution of the original tort claim—not as an original claim.

Second, and relatedly, if a contribution claim is brought as an original action in federal court—rather than as a cross-claim—the plaintiff must satisfy the predicate requirement to submit an administrative claim with a sum-certain demand. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *Johns-Manville Sales Corp. v. United States*, 690 F.2d 721, 722 (9th Cir. 1982).[2] Sutter could not satisfy that requirement unless it has first been held liable to plaintiff for malpractice, in which case its injury would be that it has been wrongfully made to bear liability that in its view is properly shared by the United States. Until that point, Sutter has not suffered a compensable injury and (a fortiori) it cannot specify the magnitude of that injury.

For all these reasons, this case could not have been brought in federal court in the posture in which Sutter wants it to proceed, with the federal court hearing both plaintiff's malpractice claim against Sutter and Sutter's cross-claim against the United States.

---

[2] The exhaustion requirement does not apply to "such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a). It is not clear that that exception applies to third-party claims brought in state court, where the Federal Rules of Civil Procedure do not apply. But the government did not argue in district court that Sutter's cross-claim failed the exhaustion requirement, and we do not express a view here on whether the exception applies to third-party claims brought in state court.

3. The only remaining question, then, is whether Section 233(c) creates subject-matter jurisdiction for the district court to adjudicate, upon removal, a case—containing both plaintiff's malpractice claim against Sutter and Sutter's cross-claim against the United States—that could not have been brought in federal court in the first instance.

The answer is no. "A defendant's power to remove a case to federal court is independent of the federal court's power to hear it." *Nebraska ex rel. Dep't of Soc. Servs.*, 146 F.3d at 679; *see State Eng'r v. South Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003) (similar). Congress *can* authorize federal courts to hear, upon removal, cases over which they would have lacked original jurisdiction. That is what Congress has done in the federal-officer removal statute, 28 U.S.C. § 1442(a), which allows courts to hear cases based on the existence of a federal defense even where the well-pleaded complaint rule would preclude original jurisdiction over such claims under § 1331. *See Mesa v. California*, 489 U.S. 121, 136 (1989). But there is no basis to construe Section 233(c) as establishing federal jurisdiction, upon removal, over cases that would otherwise fall outside federal jurisdiction.

Rather, Section 233(c) simply provides for a claim brought against a PHS employee to be "deemed a tort action brought against the United States" and to be removed to federal court given that tort actions against the United States are barred by federal sovereign immunity in state court, *see* 28 U.S.C. § 1346(b). Once in federal court, an action that has been "deemed" an FTCA action under Section 233(c) does not automatically fall within the subject-matter jurisdiction of the district court. Such actions are subject to jurisdictional dismissal, such as where the plaintiff has failed to exhaust administrative remedies, *see D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017), or where the plaintiff is statutorily required to pursue benefits only under another statutory scheme, *see Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991). In other words, Section 233(c) allows federal courts to adjudicate, upon removal, only claims that could have been brought in federal court in the first place had they been brought against the United States rather than a PHS employee. Section 233(c) does not create federal subject-matter jurisdiction over otherwise jurisdictionally improper claims.

4. Several additional points are worth noting in conclusion. *First*, it is surely no accident that the cases where courts have applied the derivative-jurisdiction doctrine to removals under Section 233 have tended to be

cases—like this one—where the claim that led to removal under Section 233 was a defendant's cross-claim for contribution, as opposed to the plaintiff's original malpractice claim. *See Dellinger*, 2019 WL 4273878, at *2, *4; *Jiron v. Christus St. Vincent Reg'l Med. Ctr.*, 960 F. Supp. 2d 1147, 1148-1149, 1151-1152 (D.N.M. 2012); *A.Q.C.*, 2012 WL 170902, at *2, *5; *Barnaby*, 410 F. Supp. 2d at 143, 147. Courts have generally not invoked the derivative-jurisdiction doctrine to dismiss, after Section 233(c) removal, ordinary malpractice claims brought against PHS employees. And the government has generally not sought such dismissals. Rather, federal courts have invoked the derivative-jurisdiction doctrine as a basis for dismissing cross-claims by a defendant that actually fell beyond their subject-matter jurisdiction for the alternative reason explained above. They have, like the district court here, arrived at the correct destination by an incorrect route.

*Second*, the district court's lack of jurisdiction over this case by no means prevents Sutter from bringing a contribution claim against the United States, after exhausting administrative remedies, *see* 28 U.S.C. § 2675, if it ultimately incurs malpractice liability in state court. *See A.Q.C.*, 2012 WL 170902, at *6. Sutter may prefer to litigate the malpractice claim against it and its contribution claim against the United States in the same forum at

once. But "[f]ederal courts are courts of limited subject matter jurisdiction," *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016), and those limits cannot be overlooked on the basis of convenience, *see, e.g.*, *Herklotz v. Parkinson*, 848 F.3d 894, 898-899 (9th Cir. 2017). In any event, while litigating both claims at once might be most convenient for Sutter, it would certainly not be most convenient for the United States, which would be subjected to the burdens of litigation that would be entirely unnecessary if Sutter were to prevail on plaintiff's malpractice claim.

*Third*, the Court can and should address the alternative ground for affirmance even though it was not raised or resolved in the district court. Issues of federal subject-matter jurisdiction can and must be addressed at any time. *See, e.g.*, *Clinton v. City of New York*, 524 U.S. 417, 428 (1998). And although the Court could (if it concludes that it has appellate jurisdiction) simply vacate the district court's erroneous dismissal of the cross-complaint under the derivative-jurisdiction doctrine, and remand for the district court to consider in the first instance whether it lacked jurisdiction for the alternative reason discussed above, it should not take that course. This Court has the power to address the alternative ground for affirmance in the first instance. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204 (1996)

(appellate courts can "'exercise jurisdiction over any question that is included within the order that contains the controlling question of law identified by the district court'"); *Grimm v. City of Portland*, 125 F.4th 920, 925 (9th Cir. 2025) ("We may affirm on any ground supported by the record."), *cert. denied*, 146 S. Ct. 1513 (2026). And the Court should do so, because district courts and litigants within this Circuit would benefit from clarity on cases arising in this complex posture, where private defendants seek to use a cross-claim against deemed federal employees to obtain a federal forum not otherwise available to them, frustrating the plaintiff's choice of forum in the process.

## CONCLUSION

The district court's order should be affirmed.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC GRANT
*United States Attorney*

MICHAEL S. RAAB

*/s/ Daniel Winik*

DANIEL WINIK
*Attorneys, Appellate Staff*
*Civil Division, Room 7245*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8849*
*daniel.l.winik@usdoj.gov*

## STATEMENT OF RELATED CASES

I am unaware of any related case pending in this Court.

*/s/ Daniel Winik*
Daniel Winik

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number(s)** No. 26-545

I am the attorney or self-represented party.

**This brief contains** 6,601 **words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ x ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties;

[ ] a party or parties are filing a single brief in response to multiple briefs; or

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated ______________.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Daniel Winik* **Date** August 21, 2026

# ADDENDUM

# TABLE OF CONTENTS

28 U.S.C. § 1447 .......... A1

42 U.S.C. § 233 .......... A1

**28 U.S.C. § 1447**

**§ 1447. Procedure after removal generally**

…

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. …

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

…

**42 U.S.C. § 233**

**§ 233. Civil actions or proceedings against commissioned officers or employees**

(a) Exclusiveness of remedy

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

(b) Attorney General to defend action or proceeding; delivery of process to designated official; furnishing of copies of pleading and process to United States attorney, Attorney General, and Secretary

The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury. Any such person against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary to receive such papers and such person shall promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary.

(c) Removal to United States district court; procedure; proceeding upon removal deemed a tort action against United States; hearing on motion to remand to determine availability of remedy against United States; remand to State court or dismissal

Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court: Provided, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law, the case shall be dismissed, but in the event the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been

suspended during the pendency of the civil action or proceeding under this section.

…

(g) Exclusivity of remedy against United States for entities deemed Public Health Service employees; coverage for services furnished to individuals other than center patients; application process; subrogation of medical malpractice claims; applicable period; entity and contractor defined

(1) (A) For purposes of this section and subject to the approval by the Secretary of an application under subparagraph (D), an entity described in paragraph (4), and any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner (subject to paragraph (5)), shall be deemed to be an employee of the Public Health Service for a calendar year that begins during a fiscal year for which a transfer was made under subsection (k)(3) (subject to paragraph (3)). The remedy against the United States for an entity described in paragraph (4) and any officer, governing board member, employee, or contractor (subject to paragraph (5)) of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a).

…

(4) An entity described in this paragraph is a public or non-profit private entity receiving Federal funds under section 254b of this title.

…

(l) Timely response to filing of action or proceeding

(1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a), the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes

of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.

…